*ORIGINAL*

# In the United States Court of Federal Claims

No. 14-1125C
Filed: November 20, 2014

**FILED**

NOV 2 0 2014

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * *   *
ISAAC A. POTTER, JR.,            *
                                 *
                                 *
              Plaintiff,         *
                                 *
       v.                        *
                                 *
UNITED STATES,                   *
                                 *
                                 *
              Defendant.         *
                                 *
* * * * * * * * * * * * * * *   *
```

<u>Pro Se</u> **Plaintiff; Lack of Subject Matter Jurisdiction.**

**Isaac A. Potter, Jr.**, Orlando, FL, <u>pro se</u> plaintiff.

## O R D E R

<u>HORN, J.</u>

On November 18, 2014, <u>pro se</u> plaintiff Isaac A. Potter, Jr., filed a complaint in the United States Court of Federal Claims.[1] Plaintiff's complaint is confusing, but appears to allege OVERPAYMENT, FRAUD, NEGLEGENCE, [sic] BREACH OF AGREEMENT/CONTRACT, AND PREMIUM INCREASE" by Clark's Memorial Funeral Home and Insurance Company and Mr. Virgil B. Cole, Jr. (capitalization in original).

The complaint begins by alleging that

**The Secretary of State of the state of Mississippi is responsible for overseeing laws related to pre-need, or prepaid funerals. This includes contracts or agreements for funeral services or funeral related merchandise. All contracts for these services must be written**

---

[1] Although the complaint is dated August 23, 2014, at the bottom of each page, plaintiff has signed his name with the date "11/12/2014," and the words "COFC." There is no record of any case filed by plaintiff on August 23, 2014, The only identified case filed on August 2014 was an appeal filed with the United States Court of Appeals for the Federal Circuit, appealing a non-final decision by another Judge of this court in another one of plaintiff's cases before this court. The certificate of service at the end of plaintiff's complaint, dated November 5, 2014, reflects plaintiff mailed a certified copy to the Attorney General's Office in Jackson, Mississippi.

**on forms that have been approved by and filed with the Secretary of State. Approved forms cannot be modified or altered in anyway. Prepaid Funding Requirements**

In Mississippi, all prepaid funerals must be paid for with life insurance or a trust set up for this specific purpose. The contract should clearly state the number of payments and the exact amount of each payment.

(emphasis in original).

The complaint stresses that:

*Irrevocable* means you cannot cancel the contract, but you may transfer it to another funeral home if you want to.

The money you give the funeral home *must* be put in an escrow account and invested for your benefit. The funeral home contract must say:
• The name and address of the escrow agent,
• How the funds will be invested,
• What happens if the total amount in escrow (with accrued interest or dividends) at the time of your funeral is more or less than the price of your funeral.
• You will get a yearly statement of the money in your account.

(emphasis in original). Turning away from Mississippi law, the complaint states:

1. COMPLAINANT ALLEGES Vepora Carter did not Finance, Insure, or intend to pay the sum of $ 3,790.00 for Mr. Clifton Carter (Brother of purchaser Vepora Carter).

2. COMPLAINANT ALLEGES the agreement was entered into for a select a plan (BURIAL) ON 7/4/ 1997.

3. COMPLAINANT ALLEGES CLARK'S MEMORIAL FUNERAL HOME AND INSURANCE COMPANY has and continue [sic] to violate FUNERAL INDUSTRY PRACTICES.

4. COMPLAINANT ALLEGES Vepora Carter paid to insure George Clark, Born 01/15/1944 and death December 2013 and did not at any time insure Clifton Carter (brother of complainant Vepora Carter); exclusively paid $50.00 per month for 16 years for George Clark and Vepora Carter only.

5. COMPLAINANT ALLEGES Vepora Carter has overpaid in an excess of $2,020.00 dollars for two PURCHASERS and for a summary total of $7,580.00 dollars.

6. COMPLAINANT ALLEGES payments of for 2 PURCHASERS FOR 16 YEARS equal $9,600.00-$3,790.00 =$5,8 10.00 refund to an unsatisfied client for OVERPAYMENT, FRAUD, NEGLEGENCE, [sic] BREACH OF AGREEMENT/CONTRACT, AND PREMIUM INCREASE.

7. COMPLAINANT ALLEGES the PURCHASER (VEPORA CARTER) has paid in full the purchase agreement of $3,790.00 to date, including overpayment.

(all capitalization in original).  Plaintiff's complaint also states:

A. THE COMPLAINANT ALLEGE [sic] VEPORA CARTER IS A SENIOR CITIZEN WOMAN WITH DEMENTIA.

B. THE COMPLAINANT ALLEGES ALL ACTS TOOK PLACE ON THE SOIL WITHIN THE ACTUAL BOUNDARIES OF THE STATE [Mississippi].

C. THE COMPLAINANT (VICTIM-VEPORA CARTER) SUFFERS LOSS OF MONEY AND FOR PROPERTY AS A RESULT OF RELYING UPON AND ACTING UPON THE UNTRUE REPRESENTATION.

D. THE untrue representation is believed to have harm [sic] the victim (Vepora Carter) Bill of Rights to whom the Representation has been made.

E. The complainant as a Senior Citizen Woman relied upon the (Director) & Clark's Memorial Funeral Home and Insurance Company.

F. The complainant Binds the Defendants on the Princile [sic] of Equitable Estoppel.

G. The complainant has established that the defendants owed a duty to the complainant (Vepora Carter), Breached that duty, and proximately caused the complainant injury, the defendants can still raise defenses that reduce or eliminate his liability. Negligence can be found based on the doctrine of res ipsa loquitor [sic].

I. [sic] The defendants filed a fraudulent contract for applicant Clifton Carter.

Wherefore the complainant prey for restitution to compensate victim for harm suffered due to fraud, overpayment, breach of contract, premium increase.

a. actual damages,
b. interest,

3

c. Punitive damages according to law

(capitalization in original).

When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524 (2014). "However, '[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading.'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011); see also Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990))); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546

U.S. at 506; see also Cent. Pines Land Co., L.L.C. v. United States, 697 F.3d 1360, 1364 n.1 (Fed. Cir. 2012) ("An objection to a court's subject matter jurisdiction can be raised by any party or the court at any stage of litigation, including after trial and the entry of judgment." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise sua sponte, even where . . . neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir.), cert. denied, 525 U.S. 826 (1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part sub. nom Lab. Corp. of Am. Holdings v. Metabolite Labs., Inc., 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006).

Pursuant to the Rules of the United States Court of Federal Claims (RCFC) and the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2014); Fed. R. Civ. P. 8(a)(1), (2) (2014); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

5

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), recognized by Davis v. Scherer, 468 U.S. 183, 190 (1984); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1343 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003).

The Tucker Act grants jurisdiction to this court as follows:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F. 3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343 ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."). In Ontario Power Generation, Inc. v. United States, the United

States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver . . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 7. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also Testan [v. United States], 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed.

Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565-66 (2009).

Although the complaint is difficult to follow, it appears plaintiff is unhappy with the actions of the Clark's Memorial Funeral Home and Insurance Company, Mr. Virgil B. Cole, Jr. and the State of Mississippi. The court does not have jurisdiction over plaintiff's grievances with Clark's Memorial Funeral Home and Insurance Company, Mr. Cole, or the State of Mississippi. This court lacks jurisdiction to adjudicate claims against state agencies and private individuals. See Souders v. S.C. Pub. Serv. Auth., 497 F.3d 1303, 1308 (Fed. Cir. 2007); Mora v. United States, No. 14-951C, 2014 WL 5088679, at *2 (Fed. Cl. Oct. 9, 2014) ("To the extent that plaintiff states claims against private individuals or entities, the court lacks jurisdiction over these claims."); Reid v. United States, 95 Fed. Cl. 243, 248 (2010) ("The Court of Federal Claims does not have jurisdiction to hear plaintiff's claims naming states, localities, state government agencies, local government agencies and private individuals and entities as defendants."); Woodson v. United States, 89 Fed. Cl. 640, 649 (2009) (citing Shalhoub v. United States, 75 Fed. Cl. 584, 585 (2007)).

Furthermore, the United States Supreme Court has indicated that for suits filed in the United States Court of Federal Claims and its predecessors, "[i]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588, (1941) (citation omitted). Stated differently, "the only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) (emphasis in original); see also United States v. Sherwood, 312 U.S. at 588. As none of plaintiff's claims are against the United States, this court lacks jurisdiction over plaintiff's complaint.

Along with his complaint, plaintiff also filed a motion to proceed in forma pauperis on November 18, 2014. As the court lacks jurisdiction over plaintiff's claims, the court grants plaintiff's motion to proceed in forma pauperis for the limited purpose of dismissing Mr. Potter's complaint. In the interest of justice, plaintiff's complaint is **DISMISSED**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

IT IS SO ORDERED.

**MARIAN BLANK HORN**
**Judge**